UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08261-MWF (SK) | Date | November 4, 2019 |
|---|---|---|---|
| Title | Stephon Alexander v. Christian Pfeiffer | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: EXHAUSTION AND TIMELINESS**

In August 2019, Petitioner constructively filed a petition under 28 U.S.C. § 2254, challenging his October 2016 conviction and sentence for second degree robbery. (ECF 2, 6). On its face, though, the petition is subject to summary dismissal for at least two reasons.

First, Petitioner did not exhaust his claims in California state court. The Court may not review claims not raised in the state courts first through a complete round of direct appeals or state habeas petitions. *See* 28 U.S.C. § 2254(b)(1)(A) (2012); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioner admits that he did not directly appeal his conviction up to the California Supreme Court. (ECF 6 at 2-3, 5-6). And while he filed a state habeas petition in Los Angeles County Superior Court (*id.* at 3-4), Petitioner must still raise his federal claims in a habeas petition to the California Supreme Court. *See Baldwin*, 541 U.S. at 29. A review of the state appellate docket reveals no filing in the California Supreme Court with Petitioner's name or case number. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (court may take judicial notice of the state appellate court records).

Second, even if Petitioner could return to the state courts and exhaust his claims, relief would still be unavailable because Petitioner's claims appear untimely. Petitioner was sentenced in October 2016 but pursued no direct appeal. (ECF 6 at 2-3). So his conviction became final 60 days later in December 2016. *See* Cal. Rules of Court 8.308(a); *Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012). From then, without any statutory or equitable tolling, Petitioner had one year—until December 2017—to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). Yet his petition was not filed until August 2019. And no statutory tolling appears available because Petitioner did not file his first state habeas petition until April 2018 (ECF 6 at 3)—after the statute of limitations had already expired. *See* 28 U.S.C. § 2244(d)(2); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Nor does there appear to be a basis for equitable tolling, which is Petitioner's burden to prove. *See Stancle*, 692 F.3d at 953.

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-08261-MWF (SK) | Date | November 4, 2019 |
|---|---|---|---|
| Title | Stephon Alexander v. Christian Pfeiffer | | |

    THEREFORE, Petitioner is **ORDERED TO SHOW CAUSE** on or before **December 4, 2019** why this action should not be dismissed for lack of exhaustion and untimeliness. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached Notice of Voluntary Dismissal Form CV-09. *See* Fed. R. Civ. P. 41(a). **But if Petitioner files no notice of voluntary dismissal or timely response to this order explaining how his claims are exhausted and timely, the Court may also recommend involuntary dismissal of the petition for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

    **IT IS SO ORDERED.**